UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LEKIA COLEMAN,

               Plaintiff,

               -v-                       5:24-CV-1239

ERIE PAINTING &
MAINTENANCE, INC.

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

LEKIA COLEMAN
Plaintiff, *pro se*
107 Mitchell Avenue
Syracuse, NY 13207

BARCLAY DAMON LLP        ARIANNA E.
Attorneys for Defendant         KWIATKOWSKI, ESQ.
200 Delaware Avenue, Suite 1200  ROSS M. GREENKY, ESQ.
Buffalo, NY 14202

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On October 9, 2024, plaintiff Lekia Coleman ("Coleman" or "plaintiff"),

acting *pro se*, filed this action against his former employer, defendant Erie

Painting & Maintenance, Inc. ("defendant"), alleging racial discrimination in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law (the "NYSHRL"). [1] Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On December 30, 2024, U.S. Magistrate Judge Thérèse Wiley Dancks granted plaintiff's IFP Application and, after an initial review of the pleadings, found that plaintiff's complaint sufficiently stated claims for racial discrimination to survive initial review under 28 U.S.C. § 1915. Dkt. No. 4 at 2.[2]

On March 7, 2025, defendant moved to partially dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that: (1) plaintiff failed to exhaust his administrative remedies with respect to his ADEA claim; and (2) plaintiff's age-discrimination claims were time-barred

---

[1] Plaintiff filed a Northern District of New York form discrimination complaint bringing racial discrimination claims under both Title VII and the NYSHRL. Dkt. No. 1. While plaintiff has not explicitly stated his intention to do so, the Court also finds that plaintiff checked the box on his form complaint to indicate age also served as a basis for the alleged discrimination. Dkt. No. 1–1. In light of plaintiff's *pro se* status, the Court will construe plaintiff as having alleged that certain younger co-workers received preferential treatment. Further, given that that age is not a protected category under Title VII, his complaint will be deemed as bringing additional causes of action for discrimination on the basis of his age under both the Americans with Disabilities Act of 1967 ("ADEA") and the NYSHRL. *Id.* Plaintiff is 50 years old. Dkt. No. 1 at 4.

[2] Pagination corresponds to CM/ECF headers.

under the NYSHRL.  Dkt. No. 10–2.  Plaintiff has not filed an opposition to

this motion and the deadline to do so has passed.  Dkt. No. 10.

The motion has been fully briefed and will be considered on the basis of

the available submissions without oral argument.  Dkt. No. 10–2.

## II.  BACKGROUND

In the summer of 2017, defendant, who operates as a construction

company, hired Coleman, a Black man, as a bridge painting apprentice.  Dkt.

No. 1.  According to plaintiff's Equal Employment Opportunity Commission

("EEOC") complaint, he was hired by defendant as a bridge painting

apprentice.  EEOC Complaint, Dkt. No. 1-1 at 1–4.  Plaintiff completed his

apprenticeship and became a 'journeyman' in October of 2020.  *Id*. at 1.

Sometime in May of 2021, defendant assigned Coleman to work on a

project located in Hornell, New York (the "Hornell Project"), which is two

hours away from his house in Syracuse.[3]  Dkt. No. 1–1 at 1.  Plaintiff alleges

that one of defendant's project managers informed him that he was being

assigned to the Hornell Project to satisfy a racial quota.  *Id*.  According to

plaintiff, the racial quota made the bid more competitive.  *See* Dkt. No. 1-1.

On June 2, 2021, Coleman arrived on the Hornell Project site expecting to

perform journeyman-level work, *e.g.*, blasting.  Dkt. No. 1–1 at 1.  However,

---

[3] Plaintiff erroneously refers to this as "Hormel, New York" in his EEOC complaint.

plaintiff alleges that the project foreman told him that all blasting work had already been promised to two younger, less experienced Caucasian apprentices. *Id.* Plaintiff alleges that he was directed to perform "gritting" work, which required far less skill or experience. *Id.*

The next day, on June 7, 2021, Coleman approached a project manager to complain about his work assignment on the Hornell Project. *Id.* Plaintiff alleges that he told the project manager that he believed he was being treated differently because of his race. *Id.*

Thereafter, Coleman alleges the project manager failed to meaningfully investigate his discrimination claims and that defendant retaliated against him for complaining to the project manager about racial discrimination complaint by removing him from work on an upcoming project near his home in Syracuse. Dkt. No. 1–1 at 1.[4] *Id.* In addition, plaintiff alleges that defendant reported him to his Union because he had "started a racial thing." *Id.* at 1–2. Plaintiff contends he was never offered work by defendant after

---

[4] Per Coleman's EEOC complaint, this Syracuse project involved the same foreman as the Hornell Project.

the Hornell Project and was effectively terminated from his position.[5] [6]  *Id.* at

2.

On March 29, 2022, plaintiff filed a complaint with the EEOC.  Dkt. No.

1–1.  Plaintiff received notice of his right to sue on July 11, 2024.  Notice of

Right to Sue Letter, Dkt. No. 1–1 at 4–7.

## III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual

allegations must be enough to elevate the plaintiff's right to relief above the

speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

While legal conclusions can provide a framework for the complaint, they must

be supported with meaningful allegations of fact.  *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009).  In short, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of

the factual allegations contained in the complaint and draw all reasonable

---

[5]  According to plaintiff's form complaint, there was "gossiping in the union hall and job sites" after he lodged his complaint of racial discrimination to defendant.  Compl. at 4.  Plaintiff also alleges, *inter alia*, that his employment was terminated, that he was denied reasonable accommodations to complete the essential functions of his job and that defendant failed to promote him.  Notably however, plaintiff has not alleged any facts detailing his termination, how defendant failure to promote him, or what reasonable accommodations were withheld.  To the contrary, plaintiff alleges being promoted from journeyman. Dkt No. 1-1 at 1.  While plaintiff was perhaps constructively terminated when he was no longer assigned to projects after lodging his complaint, the circumstances underlying his alleged termination are, at best, murky.

[6]  In plaintiff's EEOC complaint, he states that, to this day, he has never been given additional work from defendant. Dkt. No. 1–1.

inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV.  <u>DISCUSSION</u>

As noted *supra*, Judge Dancks reviewed Coleman's pleading and construed it as asserting race discrimination claims under Title VII and the NYSHRL. *See* Dkt. No. 4. However, plaintiff's EEOC charge also references age-based discrimination: he claimed that *younger* employees received the better work assignment. Accordingly, the Court construes plaintiff's complaint as asserting Title VII and NYSHRL race discrimination claims for disparate treatment and retaliation as well as ADEA and NYSHRL claims for age discrimination.

Defendant has moved to partially dismiss Coleman's complaint insofar as it brings age discrimination claims. Dkt. No. 10. Specifically, defendant moves to dismiss plaintiff's: 1) ADEA claim on the basis that plaintiff failed to exhaust his available administrative remedies; and 2) NYSHRL age

discrimination claims as time-barred because they were not filed within the three-year statute of limitations. Def's. Mem., Dkt. No. 10–2 at 3–7.

## A.  Plaintiff's Failure to Oppose Motion to Dismiss

As a threshold matter, Coleman did not oppose defendant's partial motion to dismiss. *See* Dkt. No. 10. But the fact that plaintiff has failed to respond to defendant's partial motion to dismiss for failure to state a claim is not, by itself, a sufficient reason grant defendant's motion. As the Second Circuit has cautioned:

> [T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.

*McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000); *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010) ("Because a motion under Rule 12(b)(6) presents a pure legal question, based on allegations contained within the four corners of the complaint, the district court is equipped to make a determination on the merits."). In other words, even an unopposed motion to dismiss requires the movant to "demonstrate entitlement to the relief requested therein." N.D.N.Y. L.R. 7.1(a)(3).

Furthermore, plaintiff is *pro se*. His filings must be held to less stringent standards than formal pleadings drafted by an attorney. *See, e.g., Ahlers v.*

*Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012).  As the Second Circuit has

repeatedly explained, *pro se* filings must be "construed liberally" with "special

solicitude" and interpreted to raise the strongest claims they suggest.  *Hogan*

*v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).  "This is particularly so when the

*pro se* plaintiff alleges that [his] civil rights have been violated."  *Sealed*

*Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

### B. <u>ADEA Claim</u>

Defendant argues that Coleman's ADEA claim must be dismissed because

he failed to exhaust his available administrative remedies. Def's Mem. at 3–

5.  Specifically, defendant argues that plaintiff's EEOC charge failed to

include any allegations of age discrimination and therefore failed to put the

EEOC on notice as to his ADEA and NYSHRL age discrimination claims.  *Id.*

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire

or to discharge any individual or otherwise discriminate against any

individual with respect to his compensation, terms, conditions, or privileges

of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  This

protection applies to individuals who are at least forty (40) years of age.  29

U.S.C. § 631(a).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an

employment discrimination complaint under the ADEA must plausibly allege

that adverse action was taken against [him] by [his] employer, and that [his]

age was the "but-for" cause of the adverse action.  *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 31–32 (2d Cir. 2016) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)).  "A plaintiff must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality." *Id*. at 32. (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 310–11 (2d Cir. 2015)).  A plaintiff must also allege sufficient facts, and not solely legal conclusions, "to push the misconduct alleged in the pleading beyond the realm of the 'conceivable' to the 'plausible.'"  *Id*. (quoting *Vega*, 801 F.3d at 84) (cleaned up).

"A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'"  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).  "Where the plaintiff complains of discrete discriminatory or retaliatory acts such as 'termination, failure to promote, denial of transfer, or refusal to hire,' such claims are not actionable if they occurred prior to the 300-day period even though they may be 'related to' acts that occurred within the permissible 300-day period." *Id* at 115.  For purposes of the statute of limitations under the ADEA, claims accrue on the date that the employee learns of the employer's discriminatory conduct.  *Dickens v. Hudson Sheraton Corp., LLC*, 167 F. Supp. 3d 499, 514 (S.D.N.Y. 2016) (citing *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980)).

An individual may not commence a civil action under the ADEA until sixty days after filing an unlawful discrimination charge with the EEOC.  29 U.S.C. § 626(d).  That charge must be filed within 300 days after the alleged unlawful practice occurred.[7]  *Id.*  Thus, to bring an ADEA action in federal court, a plaintiff must first file a timely complaint with the appropriate administrative agency to pursue available administrative remedies.[8]  *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003)); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006) ("Under Title VII and the ADEA, a plaintiff can sue in federal court only after filing timely charges with the EEOC.") (cleaned up).

However, this rule is not without exception.  Claims not asserted before the administrative agency can still be pursued in a later federal court action where they are "reasonably related" to the claims that were filed with the agency.  *Deravin*, 335 F.3d at 200 (internal citations omitted).  The exception applies where: "(1) the claim would fall within the reasonably expected scope of an EEOC investigation into charges of discrimination; (2) it alleges retaliation for filing the EEOC charge; or (3) the plaintiff alleges additional

---

[7] The 300-day deadline, as opposed to the 180-day deadline, applies to "deferral states."  *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 562 (2d Cir. 2006).  Most, if not all, plaintiffs reside in referral states, which have their own age discrimination laws and age discrimination remedial agencies.  *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 82 n. 4 (2d Cir. 2023).

[8] Or, in New York, the New York State Division of Human *Rights* ("NYSDHR").

incidents of discrimination conducted in the exact manner alleged in the administrative charge. *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002) (cleaned up)).

"In determining whether claims are reasonably related, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Deravin*, 335 F.3d at 201; *see also Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) ("[I]t is the substance of the charge and not its label that controls.").

Defendant argues that Coleman's EEOC charge only alleged race discrimination but made no claims regarding his age that might put the administrative agency on notice that he was bringing an age discrimination complaint. Def's. Mem, Dkt. No. 10–2 at 4.

That is inaccurate. Coleman referenced his age in the EEOC charge. Plaintiff alleged that the foreman at the Hornell Project informed him that blasting work had already been promised to "*younger*, Caucasian apprentices."[9] EEOC Complaint, Dkt. No. 1–1 at 1 (emphasis added).[10]

---

[9] In their memorandum of law, defendant quoted this very language emphasizing plaintiff's use of the term "Caucasian" without giving any attention to the word "younger." Defendant nevertheless contends that the EEOC complaint "solely" focused on race.

Therefore, plaintiff put the EEOC on notice that he was treated differently

than co-workers who, aside from being a different race, were also younger

than him.  Accordingly, plaintiff's age discrimination allegations were within

the reasonably expected scope of an agency investigation into his charges of

discrimination, thus placing the agency on notice that he experienced

disparate treatment on the basis of his age.  *Alfano*, 294 F.3d 365, 381 (2d

Cir. 2002)).

Put differently, it is reasonable to conclude that Coleman's EEOC charge,

even when limited to the four corners of the document, would have alerted

the EEOC that plaintiff might have been treated differently on the basis of

his age.  *Id.*  Indeed, plaintiff's age- and race-related allegations arise from

the same, single incident on the Hornell project.

Even so, Coleman's ADEA claim must be dismissed.  While Coleman

sufficiently exhausted his administrative remedies with respect to his

discrimination claim under the ADEA, he nevertheless has failed to plausibly

allege that claim.  Coleman has plausibly alleged that he is over 40 years of

age, which entitles him to protection under the ADEA.  29 U.S.C. § 631(a).

The problem for Coleman is that his operative pleading is devoid of any

allegations about age-based discrimination aside from the sole, conclusory

assertion discussed *supra.*  Plaintiff has not offered any allegations as to why

he was treated differently on the basis of his age.  *Id.*  Rather, plaintiff has

pleaded facts that tend to suggest race-based discrimination was the reason

for the adverse action he allegedly suffered.  Indeed, plaintiff has given no

factual matter to suggest defendant possessed any discriminatory intent or

acted in a discriminatory manner towards him on the basis of his age. (Cite

Vega?)

Therefore, because plaintiff's complaint fails to state a plausible claim for

which relief could be granted as to disparate treatment on the basis of age

under the ADEA, that claim will be dismissed.

### C. NYSHRL Claim

Defendant has also moved to dismiss Colemans' NYSHRL claims for age

discrimination on the basis that they are time-barred under the statute of

limitations.  As defendant explains, plaintiff failed to bring this action within

three years of the alleged discriminatory act.  Def's. Mem. at 5–7.

First, defendant argues that the last allegedly discriminatory act took

place in May of 2021, more than three years after this action was filed on

October 9, 2024.  *Id.* at 4.  Second, defendant argues that equitable tolling

does not save this claim because plaintiff failed to include any age-related

allegations in his EEOC charge.  Defendant further contends that plaintiff's

EEOC claim was devoid of any allegations of age-based discrimination.

NYSHRL claims have a three-year statute of limitations.  *Kirkland-*

*Hudson v. Mount Vernon City Sch. Dist.*, 665 F. Supp. 3d 412, 446 (S.D.N.Y.

2023) (citing *Franchitti v. Cognizant Tech. Sols. Corp.*, 2022 WL 2657171, at *8 (July 8, 2022)).  This limitations period is tolled during the pendency of a complaint with the EEOC.  *Herrera v. Syracuse Univ.*, 2025 WL 874734, at *14 (N.D.N.Y. Mar. 20, 2025) (citing *Lent v. CCNH, Inc.*, 2015 WL 3463433, at *8 (N.D.N.Y. June 1, 2025) ("Plaintiff's claims under the NYSHRL were timely filed, as the three-year statute of limitations was tolled during the pendency of [p]laintiff's complaint with the EEOC").  Specifically, the three-year limitations period is tolled "for the period between the filing of an EEOC charge and the issuance by the EEOC of a right-to-sue letter."  *Sloth v. Constellation Brands, Inc.*, 883 F. Supp. 2d 359, 374 (W.D.N.Y. June 8, 2012).

Coleman alleges that the final discriminatory act occurred in either May or June of 2021.[11]  Plaintiff then filed his EEOC charge on March 29, 2022, approximately ten to eleven months later.  Dkt. No. 1–1.  The filing of this charge tolled the statute.  Then, on July 11, 2024, plaintiff received notice of his right to sue from the EOCC.  Dkt. No. 1–1 at 4.  At that point, because Coleman's complaint was no longer pending before the EEOC, the statute of limitations was once again running.  Roughly three months later, on October 9, 2024, plaintiff filed his complaint.  Dkt. No. 1.  Therefore, the statute of

---

[11] Plaintiff's complaint alleges that the final discriminatory act took place in May 2021.  However, the facts in plaintiff's EEOC charge suggest the final discriminatory act actually took place in June.  Regardless, if plaintiff's EEOC complaint tolled the statute of limitations.

limitations in this matter ran for no more than a total of fourteen months—

less than the three-year limitations period allowed for bringing an EEOC.

Therefore, the statute of limitations period for plaintiff's was tolled from

March 29, 2022 to July 11, 2024—the time during which his charge was

pending before the EEOC—and did not run for the full three-year period.

Further, plaintiff's age discrimination claims were administratively

exhausted for the same reasons described *supra*.  Accordingly, plaintiff's

NYSHRL age discrimination claims are not time-barred.

Even so, Coleman's NYSHRL age discrimination claims must be dismissed

for failure to state a claim.

Claims of discrimination under the NYSHRL have traditionally been

analyzed under the same standards as its federal counterparts.  *Graves v.*

*Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006).  However, "[t]he

New York State Legislature passed several amendments to the NYSHRL in

June 2019, the effect of which is to render the standard for claims closer to

the standard of the [New York City Human Rights Law ("NYCHRL")]."  *Id.*

(quoting *Livingston v. City of N.Y.*, 563 F. Supp. 3d 201, 232 n.14 (S.D.N.Y.

2021).

These state-law amendments have modified the standard for NYSHRL

discrimination claims to more closely resemble that of the NYCHRL, which is

generally a plaintiff-friendly law.  *Cooper v. Franklin Templeton Invs.*, 2023

WL 3882977, at \*3 (2d Cir. June 8, 2023) (summary order) ("While New York

courts have not yet produced any substantive analysis of how this

amendment changes standards of liability under the NYSHRL, some courts

in this Circuit have interpreted the amendment as rendering the standard for

claims closer to the standard of the NYCHRL.").

Unlike the ADEA, the NYCHRL does not require plaintiffs to plausibly

allege that they suffered an adverse employment action. *Mihalik v. Credit

Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 114 (2d Cir. 2023). Instead, a

plaintiff need only show differential treatment, *i.e.,* that they were treated

less favorably because of defendant's discriminatory intent. *Id.* (citing

*Mihalik*, 715 F. 3d at 110).

However, even under this more liberal NYCHRL standard, a plaintiff

must still allege facts giving rise to "a minimal inference of discriminatory

motivation." *Id.* (citing *Cruz v. Local 32BJ*, 2024 WL 4357036, at \*19

(S.D.N.Y. Sept. 30, 2024) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 321

(2d Cir. 2025)); *see also Ward v. Cohen Media Publ'ns LLC,* 2023 WL

5353342, at \*15 (S.D.N.Y. Aug 21, 2023) ("[E]ven under the more lenient

requirements of the NYCHRL, [a] plaintiff's claims must be more than

conclusory or speculative to survive a motion to dismiss.")

Measured against this standard, Coleman's NYSHRL claims fail for the

same reason that his federal-law ADEA claims fail: the complaint's

allegations of age discrimination are limited to a single reference that younger employees with less training or expertise were assigned work that plaintiff wanted to do.  Plaintiff has not alleged any facts whatsoever that might describe defendant's decisions, motivations, intent, or even whether those younger employees were in fact assigned the work that plaintiff wanted to perform.  Thus, plaintiff has failed to plausibly allege facts that would give rise to even "a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 321.

Therefore, while plaintiff's NYSHRL claims are not time-barred under the statute of limitations, plaintiff has failed to plausibly allege facts to support a claim for age discrimination under the NYSHRL.

Therefore, it is

ORDERED that

1.  Defendants' partial motion to dismiss (Dkt. No. 10) is GRANTED[12];

2.  Plaintiff's ADEA claim for disparate treatment is DISMISSED;

3.  Plaintiff's NYSHRL claim for disparate treatment on the basis of his age is DISMISSED;

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

---

[12]  However, the motion is granted for different reasons than the ones argued by defendant. That is to say, plaintiff's age discrimination claims fail because they do not plausibly allege facts upon which relief could be granted as is required by Rule 12(b)(6). *Twombly*, 550 U.S. at 570.

- 18 -

David N. Hurd
U.S. District Judge

Dated:  May 7, 2025
        Utica, New York.